MICHAEL A. DUFFY, Plaintiff Below-Appellant,
v.
KENT COUNTY LEVY COURT, Defendant Below-Appellee.
No. 375, 2009
Supreme Court of Delaware
Submitted: July 1, 2009
Decided: July 1, 2009
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices

ORDER
HENRY DuPONT RIDGELY, Justice
This 1st day of July 2009, it appears to the Court that:
(1) On June 29, 2009, the Court received the appellant's notice of appeal from the Court of Chancery's June 8, 2009 bench ruling and June 22, 2009 implementing order, which denied his motion for a preliminary injunction and temporary relief in connection with the proposed demolition of two structures on his property in Kitts Hummock, Delaware.[1]
(2) Absent compliance with Supreme Court Rule 42, the jurisdiction of this Court is limited to the review of final judgments of trial courts.[2] The test for whether an order is final and, therefore, ripe for appeal is whether the trial court has clearly declared its intention that the order be the court's "final act" in a case.[3]
(3) The order appealed from is plainly interlocutory. There is no evidence that the Court of Chancery intended its June 8, 2009 bench ruling or its June 22, 2009 implementing order to constitute its "final act" in this matter. In fact, the Court of Chancery explicitly states that those orders are interlocutory in another June 22, 2009 order denying what it deemed to be the appellant's application for an order certifying his interlocutory appeal. In the absence of any attempt by the appellant to comply with Supreme Court Rule 42, the instant appeal must be dismissed.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rules 29(b) and 42, the within interlocutory appeal is DISMISSED.[4]
NOTES
[1] Also on June 29, 2009, the appellant filed a motion for emergency relief, which requested this Court to stay the Court of Chancery's June 22, 2009 order requiring him to post bond pending his appeal in this Court.
[2] Julian v. State, 440 A.2d 990, 991 (Del. 1982).
[3] J.I. Kislak Mortgage Corp. of Del. v. William Matthews, Builder, Inc., 303 A.2d 648, 650 (Del. 1973).
[4] Accordingly, the motion for emergency relief is stricken. Supr. Ct. R. 34.