KYLE J. KALENKOSKI, Plaintiff Below, Appellant,
v.
AUYEUNG MANYIM a/k/a MANYIM AUYEUNG, Defendant Below, Appellee.
No. 653, 2009.
Supreme Court of Delaware.
Submitted: December 2, 2009.
Decided: January 11, 2010.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice.
This 11th day of January 2010, upon consideration of the Clerk's notice to show cause, the pro se appellant's response to the notice to show cause, and the respective responses thereto of the appellant's Superior Court counsel and of counsel for the appellee, it appears to the Court that:
(1) On November 6, 2009, the Court received the appellant's notice of appeal from a Superior Court order of October 8, 2009 that granted the appellee's motion to enforce settlement agreement. By notice issued on November 6, 2009, the Clerk directed the appellant to show cause why the appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory, i.e., non-final, order.
(2) In his response to the notice to show cause filed on November 16, 2009, the appellant addresses the merit of the appeal, namely his disagreement with the October 8, 2009 order. He does not, however, address the issue raised in the notice to show cause, namely the finality of the October 8 order.
(3) The test for whether an order is final and therefore appealable is whether the trial court has clearly defined its intention that the order is the court's "final act" in a case.[1] In this case, the October 8, 2009 order is not the Superior Court's final act[2] and thus is not appealable absent compliance with Supreme Court Rule 42.[3]
(4) There has been no attempt by the appellant to comply with Supreme Court Rule 42. Accordingly, this Court lacks jurisdiction to entertain the appeal. Once the Superior Court has issued a final order, the appellant may appeal the October 8, 2009 order to enforce the settlement agreement.[4]
NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rules 29(b) and 42, that the appeal is DISMISSED.
NOTES
[1] J.I. Kislak Mortgage Corp. v. William Matthews Builder, Inc., 303 A.2d 648, 650 (Del. 1973) (quoting United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232-233 (1958)).
[2] The October 8, 2009 order directed that the appellant execute a general release and that the parties file a stipulation of dismissal.
[3] Julian v. State, 440 A.2d 990 (Del. 1982).
[4] See, e.g., Maxion v. Sea Insurance Company, Ltd, 1994 WL 397591 (Del. Supr.) (dismissing as interlocutory an appeal from a bench ruling granting a motion to enforce a settlement agreement).