IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SALLY L. PALMER,[1] | § | |
| | § | |
| Plaintiff Below, | § | No. 420, 2016 |
| Appellant, | § | |
| | § | Court Below—Family Court |
| v. | § | of the State of Delaware |
| | § | |
| RANDY R. BROWN, JR., | § | File No. CN02-08929 |
| | § | Petition Nos. 15-05658 and |
| Defendant Below, | § | 16-23308 |
| Appellee. | § | |

Submitted: May 22, 2017
Decided: May 31, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 31st day of May 2017, it appears to the Court that:

(1)     On August 17, 2016, the appellant, Sally L. Palmer ("the Mother") filed a notice of appeal from a Family Court order she identified as dated August 4, 2016. In her opening brief, the Mother challenged an October 14, 2015 Family Court order granting the petition to modify custody filed by the appellee, Randy R. Brown, Jr. ("the Father"). A review of the Family Court docket did not reveal any orders dated August 4, 2016, but did show an August 5, 2016 Family Court order denying the

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

Mother's petition for an emergency *ex parte* order to modify custody and to find the Father in contempt.

(2) On May 1, 2017, the Senior Court Clerk issued a notice directing the Mother to show cause why this appeal should not be dismissed for her failure to file a timely notice of appeal of the October 14, 2015 order and for her failure to comply with Supreme Court Rule 42 in her appeal of the interlocutory order dated August 5, 2016. In her response to the notice to show cause, the Mother claims Family Court employees gave her misleading information about how to appeal and argues the merits of her appeal.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Office of the Clerk of this Court within the applicable time period in order to be effective.[3] An appeal of a judgment in a civil case must be filed within thirty days after entry of the judgment.[4] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, an untimely appeal cannot be considered.[5]

(4) The Mother did not file her notice of appeal of the October 14, 2015 Family Court order until August 2016. She claims the Family Court gave her

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[3] Supr. Ct. R. 10(a); *Smith v. State*, 47 A.3d 481, 482 (Del. 2012).
[4] Supr. Ct. R. 6(a)(i).
[5] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

misleading information about how to appeal, but does not provide any details about when this allegedly misleading information was provided, who provided it, or what information was provided. In addition, court personnel are prohibited from providing legal advice to litigants.[6] The Mother has not demonstrated that her failure to file a timely notice of appeal is attributable to court-related personnel.[7] Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal.

(5) To the extent the Mother seeks to appeal the August 5, 2016 order denying her petition for an emergency *ex parte* order to modify custody and to find the Father in contempt, that appeal must be dismissed as interlocutory.[8] Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[9] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[10]

(6) The August 5, 2016 order provides that the action would proceed in the usual course of business, which shows the Family Court did not intend the order to

---

[6] *Owens v. Owens*, 2015 WL 4137147, at *1 (Del. July 1, 2015).
[7] *See, e.g., id.* (finding the appellant's contention that court personnel gave her incorrect appeal deadline information was unsubstantiated and dismissing appeal).
[8] *See, e.g. Baker v. Ivory*, 2011 WL 2342711, at *1 (Del. June 13, 2011) (dismissing appeal of order denying motion for emergency *ex parte* relief as interlocutory).
[9] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[10] *J.I. Kislak Mortg. Corp. v. William Mattews Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

be the final act in the case.  The August 5, 2016 order was therefore an interlocutory, not a final, order.  Because the Mother did not comply with Rule 42, the appeal of the August 5, 2016 order must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice