IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RYAN WOLLNER, | § | |
| | § | |
| Plaintiff Below, | § | No. 236, 2022 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| PEARPOP, INC., | § | C.A. No. 2021-0157 |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: July 8, 2022
Decided: July 21, 2022

Before **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On July 6, 2022, Ryan Wollner, filed a notice of appeal from a Court of Chancery letter decision, dated June 21, 2022, granting PearPop, Inc.'s motion for default judgment and finding Wollner responsible for some of PearPop's attorneys' fees. The decision directed PearPop to prepare a form of final order. After issuance of the June 21 decision, Wollner filed multiple documents in the Court of Chancery, including a motion to stay pending appeal and a letter requesting removal of the Chancellor from the case.

(2) On July 7, 2022, the Senior Court Clerk issued a notice directing Wollner to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. On July 9, 2022, the Court of Chancery denied Wollner's request for removal. As to the motion to stay, the court found there was nothing to stay, except for the award of attorneys' fees. The court directed PearPop to submit, within five business days, a proposed form of final order reflecting the attorneys' fees requested and to state its position with respect to the motion to stay and the amount of any required security. Wollner then filed letters disagreeing with the court's denial of his request for removal and demanding an investigation by the Department of Justice.

(3) In his response to the notice to show cause in this Court, Wollner primarily argues the merits of his appeal. He also contends that the requirements of Supreme Court Rule 42 for interlocutory appeals should not apply because it is taking too long for issuance of a final order in the Court of Chancery.

(4) Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable if the trial

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

2

court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2]

(5)     The June 21 decision (and July 9 decision) required further action by PearPop. The amount of attorneys' fees that Wollner is responsible for remains unresolved. Because the June 21 decision did not finally determine and terminate the Court of Chancery proceedings and those proceedings remain ongoing, this appeal is interlocutory.

(6)     Wollner is not exempt from the requirements of Rule 42. He complains that it is taking too long for issuance of a final order, but it has been less than thirty days since the June 21 decision and less than fourteen days since the July 9 decision. According to the Court of Chancery docket, PearPop filed a proposed form of final order with its attorneys' fees yesterday. Wollner has also continued to make demands for action in the Court of Chancery. As there is presently no final judgment in the Court of Chancery and Wollner has not complied with Rule 42, this appeal must be dismissed.

---

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The filing fee paid by Wollner shall be applied to any future appeal he files from a final order entered in the case.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice