IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KRISHNA CHILAKA, | § | |
| | § | No. 344, 2022 |
| Plaintiff Below, | § | |
| Appellant, | § | |
| | § | Court Below–Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| EMORY HILL & CO., and | § | |
| KEYUR MODI, | § | C.A. No. 2022-0231 |
| | § | |
| Defendants Below, | § | |
| Appellee. | § | |

Submitted:  October 25, 2022
Decided:  November 9, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)	On September 18, 2022, the appellant, Krishna Chilaka, filed a notice of appeal from the Court of Chancery's August 31, 2022 order adopting the bench ruling issued by a Court of Chancery master on August 18, 2022.  Because the appellees' application for attorneys' fees and costs remains pending in the Court of Chancery, the Senior Court Clerk issued a notice to Chilaka to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.  In response to the

notice to show cause, Chilaka argues that his appeal is meritorious, but he does not address the interlocutory nature of the appeal.

(2)     Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of a trial court's final judgment.[1]  An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2]  This Court has repeatedly held that an order is not final and appealable if the trial court has not ruled on an outstanding application for attorneys' fees.[3]

(3)     After careful consideration, we conclude that this appeal must be dismissed as interlocutory.  The appellees' application for attorneys' fees and costs was outstanding when Chilaka filed the appeal and remains so now.  Chilaka was therefore required to comply with the provisions of Rule 42 or await the Court of Chancery's entry of a final order.  Chilaka's filing fee for any future appeal from the Court of Chancery's final judgment will be waived.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *J. I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[3] *ICATECH Corp. v. Facchina*, 2021 WL 225825, at *1 (Del. Jan. 22, 2021).