IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE MORROW PARK
HOLDING LLC

§ No. 380, 2022
§
§ Court Below–Court of Chancery
§ of the State of Delaware
§
§ C.A. No. 2017-0036

Submitted: November 4, 2022
Decided: December 5, 2022

Before **SEITZ**, Chief Justice; **VAUGHN** and **TRAYNOR**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On August 1, 2022, the Court of Chancery issued a memorandum opinion resolving the merits of a business divorce among various real estate developers—the "Holtzman Parties" on the one hand and the "Compatriot Parties" on the other.[1] On September 12, 2022, the Court of Chancery issued an implementing order adopting the court's memorandum opinion. On October 7, 2022, the Compatriot Parties—claiming that they were the prevailing parties and that they had been wrongfully enjoined—filed a motion for costs under Court of Chancery Ruel 54(d) and for damages under Court of Chancery Rule 65(c).

---

[1] *In re Morrow Park Holding LLC*, 2022 WL 3025780 (Del. Ch. Aug. 1, 2022) (corrected Aug. 16, 2022).

(2)     On October 12, 2022, the Holtzman Parties filed a notice of appeal from the Court of Chancery's implementing order. Because the Compatriot Parties' motion for costs and damages remained pending in the Court of Chancery, the Senior Court Clerk issued a notice to the Holtzman Parties to show cause why this appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(3)     In their response to the notice to show cause, the Holtzman Parties state that they are "certainly willing" to await the resolution of the pending motion and indicate that they filed the notice of appeal out of an abundance of caution to preserve their right to appeal. At the Court's direction, the Compatriot Parties also responded to the notice to show cause. The Compatriot Parties aver that the Court of Chancery's implementing order is interlocutory and that this appeal must be dismissed for the Holtzman Parties' failure to comply with Rule 42 when taking an appeal from an interlocutory order. We agree with the Compatriot Parties that this appeal must be dismissed.

(4)     Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of a trial court's final judgment.[2] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

final act in disposing of all justiciable matters within its jurisdiction.[3] The Compatriot Parties' motion for costs and damages was outstanding when the Holtzman Parties filed the notice of appeal and remains so now. Relevant here, the Court of Chancery's action on the motion for damages will require the court to exercise its discretion when it decides whether, and in what amount, to award damages to the Compatriot Parties.[4] The Holtzman Parties were therefore required to comply with the provisions of Rule 42 or await the Court of Chancery's entry of a final order. The filing fee paid in conjunction with the appeal shall be applied to any later appeal filed by the Holtzman Parties from the Court of Chancery's final judgment.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] *J. I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).
[4] *See Singh v. Batta Env't Assocs., Inc.*, 2003 WL 22415999, at *1 (Del. Oct. 21, 2003) (finding that the trial court's direction to the parties to confer and submit a proposed implementing order rendered the appeal interlocutory because "[t]he further action required by the Court of Chancery … is not a purely ministerial act but an exercise of discretion by the court in fashioning an appropriate implementing order").

3