**J. I. KISLAK MORTGAGE CORPORATION OF DELAWARE, a corporation of the State of Delaware, Plaintiff Below, Appellant,**

v.

**WILLIAM MATTHEWS, BUILDER, INC., a corporation of the State of Delaware, Defendant Below, Appellee,**

**Bachman and Wood, Inc., a Corporation of the State of Delaware, Intervenor Below, Appellee.**

Supreme Court of Delaware.

Feb. 15, 1973.

Bonnie H. Sheer, and Donald C. Taylor, Cooch & Taylor, Wilmington, for plaintiff below, appellant.

C. Waggaman Berl, Jr., Booker, Green, Shaffer, Berl & Wise, Wilmington, for intervenor below, appellee.

CAREY and HERRMANN, JJ., and McNEILLY, Judge, sitting.

CAREY, Justice:

The plaintiff below, J. I. Kislak Mortgage Corporation of Delaware (herein Kislak), has appealed from a summary judgment against it in the Superior Court. The judgment was in favor of Bachman and Wood, Inc. (herein appellee), which had intervened in a mortgage foreclosure action brought by Kislak against William Matthews, Builder, Inc. (herein Matthews).

Matthews was the owner of land upon which it commenced to build a number of dwellings, acting as its own "contractor." Kislak took a mortgage against Matthews as security for a construction loan, the funds to be advanced and paid to subcontractors from time to time upon completion of various specified stages of the work. The advances were to be authorized by a representative of Kislak upon his approval of the work done. This representative, without the knowledge of his superior officers, authorized payments for work which had not in fact been performed. Some subcontractors were paid their full contract price, although their work was not finished; the appellee received nothing, although its lien had priority over others

who were paid in full. Kislak's superior officers learned the facts after all of the money it had agreed to lend had been paid out. The appellee filed a mechanics' lien action against those individual properties for which it had supplied labor and material, and obtained a judgment thereon by default. It then intervened in this mortgage foreclosure suit brought by Kislak. At the sale thereon, Kislak itself purchased the properties.

In the Court below, appellee contended that it was entitled to be paid in full out of the proceeds of the foreclosure, since its lien date preceded that of some of the other subcontractors paid by Kislak. The Court sustained this contention, whereupon Kislak filed this appeal.

I

The appellee has moved for a dismissal of this appeal, contending that it was not filed within thirty days after entry of the order below, as required by Supreme Court Rule 23, Del.C.Ann. The facts pertaining to the motion are these: The opinion of the Court below (reported in 287 A.2d 686) was filed on February 1, 1972; that opinion, after stating that summary judgment "will be entered" in favor of the appellee, ended with the sentence, "IT IS SO ORDERED." At that time, however, the precise amount actually due had not been determined. In its letter opinion, the Court directed counsel for the appellee to compute the amount, draw a special order for the judgment and obtain the approval of appellant's counsel. On April 12, 1972, such an order was approved, signed by the Judge and filed with the Prothonotary. This appeal was filed within thirty days of that order.

The appellee argues that the Judge obviously intended the judgment to be effective immediately upon the filing of the original opinion, leaving the amount to be later ascertained.*

---

* Superior Court Rule 58 does not contain an amendment, now found in the Federal Rule of the same number, which requires a judgment to be set out in a separate document to be filed.

In the case of United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 78 S.Ct. 674, 2 L.Ed.2d 721 (1958), a similar argument was discussed in these words:

"While an opinion may embody a *final decision,* the question whether it does so depends upon whether the judge has or has not clearly declared his intention in this respect in his opinion. Therefore, when, as here, the action is for money only—whether for a liquidated or an unliquidated amount, as Rule 58 makes no such distinction—it is necessary to determine whether the language of the opinion embodies the essential elements of a judgment for money and clearly evidences the judge's intention that it shall be his final act in the case. If it does so, it constitutes his final judgment

. . .

"But, on the other hand, if the opinion leaves doubtful whether the judge intended it to be his final act in the case —and, in an action for money, failure to determine either expressly or by reference the amount to be awarded is strong evidence of such lack of intention . . ." 356 U.S. at 232–233, 78 S.Ct. at 678.

In the present instance, the amount of damages was not settled until the order of April 12 was signed; by directing appellee's counsel to draw a separate order and obtain his opponent's approval, the Judge demonstrated his intent that the opinion was not to be treated as a final judgment. This belief is emphasized by the fact that, as the lower Court's opinion shows, appellant's attorney had died, and the record shows that no substitute appearance was entered until April 12, the date of the order. In any event, for the purpose of determining the time for appeal in a suit for money only, settlement of the amount due is a condition precedent to the finality of a judgment. The motion to dismiss must be denied.

## II

With one exception, the arguments advanced by appellant for reversal are the same as those presented to the Superior Court. They have been adequately and properly dealt with in the reported opinion of the Court below and further discussion of them by us is unnecessary. The Court below pointed out that: (1) the date of the mechanics' lien relates back to the day on which work was commenced by the plaintiff; (2) the lien of a construction money mortgage, entered before any work is done, prevails over mechanics' liens if the advancements thereunder are obligatory; but, if the payments are optional, a mechanics' lien prevails over advances made after the effective date of the mechanics' lien; (3) the present mortgage advances were optional in that they were not *required* to be made until the mortgagee approved the work done, and until receipts from subcontractors were submitted to the mortgagee showing actual payment for all prior installments due subcontractors; (4) Kislak, through its agent, had knowledge of the status of the work; (5) those installments paid to other subcontractors after the date of appellee's lien, and for work done by others after appellee's lien had attached, were wrongfully paid by Kislak. For the foregoing reasons, the Court held that Kislak was responsible to the appellee. We agree with that conclusion.

The appellant here makes an additional argument not mentioned in the opinion of the Court below, although it may have been raised in that Court. This contention is that Kislak should not be responsible for the act of its agent in this case because his acts were fraudulent and against the interest of Kislak, wherefore Kislak should not be made to suffer for that fraud. We think this argument has nothing to do with this case. The appellee's suit is not based upon the fraud; the issue here involves only the question of priority of liens. There is nothing in the

record to suggest that appellee had any connection with the fraud or knew anything about it. Kislak is charged with knowledge of appellee's lien and was bound by its contract with Matthews; it had a duty to honor the priority of appellee's lien over others which were paid; Kislak failed to comply with that duty. It cannot escape its responsibility to appellee on the ground that its own agent fraudulently caused it to pay money to others who were not entitled thereto.

The judgment below will be affirmed.