IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARSHALL JENNEY and | § | |
| ERIN C. JENNEY, | § | |
|     Respondents-Below, | § | |
|     Appellants, | § | No. 232, 2015 |
| | § | Court Below—Court of Chancery |
|     v. | § | of the State of Delaware, |
| | § | C.A. No. 8635-VCG |
| SEABREEZE HOMEOWNERS | § | |
| ASSOCIATION, INC. | § | |
|     Petitioner-Below | § | |
|     Appellee. | § | |

Submitted: May 22, 2015
Decided: June 18, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## ORDER

This 18th day of June 2015, upon consideration of the notice to show cause, the appellants' response, and the appellee's reply, it appears to the Court that:

(1) On May 8, 2015, the respondents-appellants, Marshall Jenney and Erin C. Jenney, filed a notice of appeal from: (i) a February 25, 2015 order, amended by bench rulings on March 3, 2015 and April 13, 2015, granting petitioner-appellee Seabreeze Homeowners Association, Inc.'s ("Seabreeze") request for relief from Marshall Jenney's violation of a July 19, 2014 Stipulation and Consent Order ("Consent Order") requiring the trimming of certain trees and shrubs on two properties owned by Marshall Jenney; (ii) March 3, 2015 bench rulings denying Marshall Jenney's Motion for Reargument and for Attorneys Fees

and Motion to Strike Answer to Motion for Reargument and Counter Motion for Rule 11 Sanctions (iii) an April 13, 2015 order granting Seabreeze's motion to join Erin C. Jenney, Marshall Jenney's wife, as an indispensable party; and (iv) April 13, 2015 bench rulings denying Marshall Jenney's Motion for Reargument, Motion to Strike, and Motion to Set Aside or Vacate Order and granting Seabreeze's Motion for Attorneys Fees.

(2)     At the time of the Jenneys' appeal, the Court of Chancery docket reflects that a site visit by the parties and the Court of Chancery was scheduled for May 21, 2015.  During the site visit, the parties and the Court of Chancery would identify the trees and shrubs that the Jenneys had to trim on their properties to comply with the Consent Order.  After the site visit, the Court of Chancery would decide on the proper remedy for its April 13, 2015 finding of contempt by the Jenneys.  This finding was based on Marshall Jenney's March 12, 2015 transfer of properties to Erin C. Jenney in order to avoid the obligations of the Consent Order.

(3)     The Senior Court Clerk issued a notice directing the Jenneys to show cause why the appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order.  In their response to the notice to show cause, the Jenneys contended that nothing remained to be litigated in the Court of Chancery except implementation of the orders on appeal and that delay would render their appeal moot.

2

(4) Seabreeze was asked to respond to the Jenneys' submission. In its response, Seabreeze contended that the Jenneys' appeal was not final because the Court of Chancery had not entered a final order reflecting its rulings at the May 21, 2015 hearing. Seabreeze argued that the appeal must be dismissed for Jenneys' failure to comply with Supreme Court Rule 42 in seeking to appeal an interlocutory order. Seabreeze also requested attorneys' fees it incurred in reviewing and responding to the Jenneys' "improper appeal."[1]

(5) At the conclusion of the May 21, 2015 hearing, the Court of Chancery directed the Jenneys to determine if the agreed-upon tree service could complete the necessary tree and shrub trimming by the end of June and Seabreeze to submit an affidavit summarizing the attorneys' fees it incurred as a result of Marshall Jenney's transfer of properties to Erin C. Jenney. The Jenneys subsequently informed the Court of Chancery that the tree service could complete the trimming work by June 30, 2015 and Seabreeze submitted a fee affidavit, as well as a form of order reflecting the Court of Chancery's May 21, 2015 rulings.

(6) On June 1, 2015, the Court of Chancery entered an order requiring the Jenneys to comply with the Consent Order by having certain trees and shrubs trimmed by June 30, 2015. Once the work is completed, the Jenneys are required to submit an affidavit of the tree service that performs the work certifying that the

---

[1] Answer to Appellants' Response to Notice to Show Cause at 6.

3

trees and shrubs had been trimmed as ordered by the Court of Chancery. Upon its review and approval of the affidavit, the Court of Chancery will dismiss Seabreeze's Petition for Specific Performance.

(7) On June 2, 2015, the Jenneys filed a motion to stay the June 1, 2015 order pending resolution of this appeal. Seabreeze opposed the motion. On June 11, 2015, the Court of Chancery denied the Jenneys' motion to stay. The Court of Chancery also awarded Seabreeze $3,750.00 in attorneys' fees it incurred as a result of Marshall Jenney's transfer of properties to Erin C. Jenney. On June 11, 2015, the Court of Chancery entered an order awarding Seabreeze $2,473.48 in attorneys' fees and costs it incurred in litigating its November 3, 2014 Motion for Rule to Show Cause Hearing for Marshall Jenney's Violation of Consent Order.

(8) On June 12, 2015, the Jenneys filed a Motion for Stay in this Court. Seabreeze has opposed the motion.

(9) After careful consideration, we conclude that this appeal must be dismissed. Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[2] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[3]

---

[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[3] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

(10)    At the time of the Jenneys' May 8, 2015 notice of appeal, the Court of Chancery had scheduled a May 21, 2015 site visit to identify the trees and shrubs to be trimmed and hearing to decide the remedy for its contempt finding. The Court of Chancery has since entered an order implementing its findings at the May 21, 2015 hearing, but that order did not finally determine and terminate the action. The Court of Chancery action will not be terminated until after the Jenneys file an affidavit of a tree service certifying that the required trimming work is completed and the Court of Chancery reviews and approves the affidavit.

(11)    This appeal is interlocutory.  Because the Jenneys have not met the requirements of Supreme Court Rule 42, this appeal must be dismissed. Seabreeze's request for attorneys' fees is denied.  Dismissal of the appeal renders the Motion for Stay moot.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The Motion for Stay is DISMISSED as moot.

BY THE COURT:

/s/ Karen L. Valihura
Justice

5