IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAWANA LAYNE f/k/a SHAWANA SINGLETON, as GUARDIAN AD LITEM and NEXT FRIEND to FRANK LEE LAYNE, JR. | § § § § | No. 31, 2016 |
| | § | Court Below—Superior Court |
| Plaintiff Below, | § | of the State of Delaware, |
| Appellant, | § | C.A. No. N12C-12-57 |
| | § | |
| v. | § | |
| | § | |
| GAVILON GRAIN, LLC d/b/a PEAVEY COMPANY and JAIR CABRERA | § § § | |
| | § | |
| | § | |
| Defendants Below, | § | |
| Appellees. | § | |

Submitted: February 4, 2016
Decided: February 23, 2016

Before **STRINE**, Chief Justice; **HOLLAND**, and **VALIHURA**, Justices.

## ORDER

This 23rd day of February 2016, upon consideration of the notice to show cause, the appellant's response, and the appellees' reply, it appears to the Court that:

(1) On January 15, 2016, the plaintiff below-appellant, Shawana Layne, filed a notice of appeal from a July 10, 2015 Superior Court opinion ("Opinion") granting summary judgment in favor of the defendants below-appellees Gavilon Grain, LLC and Jair Cabrera. The Opinion did not resolve Layne's claims against

the other defendants. This was not the first notice of appeal Layne filed from the Opinion.

(2) On August 4, 2015, Layne filed a notice of appeal from the Opinion in Appeal No. 413, 2015 and applied for this Court to accept an interlocutory appeal from the Opinion in Appeal No. 414, 2015. After Layne was directed to show cause why Appeal No. 413, 2015 should not be dismissed for her failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order, Layne voluntarily dismissed the appeal. On August 27, 2015, this Court refused Layne's application for an interlocutory appeal in Appeal No. 414, 2015.

(3) In this appeal, Layne was directed to show cause why the appeal should not be dismissed for her failure to comply with Supreme Court Rule 42 in filing an appeal from an interlocutory order. In her response to the notice to show cause, Layne contended that she had settled her claims with the other defendants in the litigation and, although the claims had not been formally dismissed pending the Court of Chancery's approval of allocation and distribution of the settlement proceeds, the Superior Court did not have to take any other formal actions in order to dispose of all justiciable matters within its jurisdiction.

(4) The appellees were asked to respond to Layne's submission. In their response, the appellees argued that the Opinion was not final because the Superior Court order approving the settlement among Layne and the other defendants directed

Layne to seek the Court of Chancery's approval of an allocation and distribution plan for the settlement proceeds. The Superior Court also directed Layne to file a stipulation of dismissal within thirty days of December 21, 2015. At Layne's request, the Superior Court granted Layne an additional ninety days to file a stipulation of dismissal. Layne requested the additional time because she was working on a plan for distribution and allocation of the settlement proceeds for approval by the Court of Chancery.

(5) After careful consideration of the parties' positions, we conclude that this appeal must be dismissed as interlocutory. Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2] Under Superior Court Civil Rule 54(b), a decision adjudicating fewer than all of the claims or rights and liabilities of fewer than all of the parties does not terminate the action as to any of the claims, unless the Court directs entry of a final judgment upon one or more, but fewer than all, of the claims.

(6) The Superior Court proceedings reflect that the Superior Court did not direct entry of a final judgment upon the claims resolved by the Opinion and is

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

awaiting the filing of a stipulation of a dismissal. Because the Opinion did not finally determine and terminate the Superior Court proceedings and those proceedings remain ongoing, this appeal is interlocutory. Layne was therefore required to comply with the provisions of Rule 42. Layne has not done so. Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The filing fee paid by Layne shall be applied to any future appeal she files from a final order entered in the case.

BY THE COURT:

_Randy J Holland_
Justice