IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GLEN D. SCHMALHOFER, | § | |
| | § | |
| Defendant Below- | § | No. 62, 2017 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| LISA WARD and STEPHEN J. | § | C.A. No. 11685 |
| MOTTOLA, | § | |
| | § | |
| Plaintiffs Below- | § | |
| Appellees. | § | |

Submitted:  March 2, 2017
Decided:    March 15, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 15th day of March 2017, upon consideration of the notice to show cause, the appellant's response, and the appellees' reply, it appears to the Court that:

(1)  On January 6, 2017, the appellant, Glenn D. Schmalhofer filed a notice of appeal from a December 8, 2016 Order of Final Partial Judgment Pursuant to Rule 54(b) in the Court of Chancery ("Final Partial Judgment Order"). The order incorporated a Court of Chancery order, dated November 10, 2016, granting the motion to enforce a partial settlement agreement ("Settlement Agreement") filed by the appellees, Lisa Ward and Stephen J. Mottola, and

awarding Ward and Mottola the attorneys' fees they incurred in bringing the motion. The Final Partial Judgment Order set forth the procedure for determination of the attorneys' fee award.

(2) On January 20, 2017, the Court of Chancery awarded Ward and Mottola $38,522.25 in attorneys' fees and costs. The order was without prejudice to any future application by Ward and Mottola for further fees and expenses they incurred in seeking to enforce the Settlement Agreement. This appeal followed.

(3) On February 8, 2017, the Chief Deputy Clerk issued a notice directing Schmalhofer to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In his response to the notice to show cause, Schmalhofer argues that the January 20, 2017 order is not interlocutory because it is clearly the Court of Chancery's final act with respect to the Final Partial Judgment Order. Ward and Mottola contend that the January 20, 2017 order is interlocutory.

(1) After careful consideration of the parties' positions, we conclude that this appeal must be dismissed as interlocutory. Absent compliance with Supreme Court Rule 42 ("Rule 42"), this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable if the trial court has declared

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2]

(2) The Court of Chancery docket reflects that the case remains ongoing. The Settlement Agreement did not resolve all of the parties' claims and other disputes have arisen among the parties. The Court of Chancery entered the November 10, 2016 order as a partial final judgment under Court of Chancery Rule 54(b), but did not enter the January 20, 2017 order as a partial final judgment. Because the January 20, 2017 order did not finally determine and terminate the Court of Chancery proceedings and those proceedings remain ongoing, this appeal is interlocutory. Schmalhofer was therefore required to comply with the provisions of Rule 42. Schmalhofer has not done so. Accordingly, this appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED. The filing fee paid by Schmalhofer shall be applied to any future appeal it files from a final order entered in the case.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

3