IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH DANIEL PIRESTANI, | § | |
| | § | |
| Cross-Petitioner Below | § | No. 112, 2018 |
| Appellant, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| KEVIN J. REAGAN, | § | C.A. No. 17950-N |
| | § | |
| Cross-Petitioner Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| ATTORNEY AD LITEM, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 5, 2018
Decided: March 29, 2018

Before **STRINE**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

**O R D E R**

This 29th day of March 2018, upon consideration of the notice of appeal and the notice of interlocutory appeal, it appears to the Court that:

(1) On March 5, 2018, the appellant, Joseph Daniel Pirestani, filed a notice of appeal from the following Court of Chancery rulings: (i) a September 15, 2017 letter from the guardianship case manager regarding the powers and duties of the guardian; (ii) a November 8, 2017 order denying as moot Pirestani's motion to alter or amend the September 15, 2017 letter; (iii) a November 8, 2017 order clarifying

the powers and duties of the guardian; and (iv) a January 31, 2018 order denying most of Pirestani's motion for reargument of the November 8, 2017 orders, but allowing the issue of whether the guardian should continue serving a guardian of the property to proceed. Pirestani also filed a notice of interlocutory appeal from: (i) a December 28, 2017 letter stating that the Court of Chancery would consider exhibits submitted by Pirestani and that there was no need for Pirestani's motion for admission of additional evidence; and (ii) a January 31, 2018 order denying Pirestani's motion for reargument of the December 28, 2017 letter.

(2) Although Pirestani now characterizes one January 31, 2018 order as final and the other January 31, 2018 order as interlocutory, he applied for certification of interlocutory appeals from both orders in the Court of Chancery on February 14, 2018. The Court of Chancery denied certification on February 16, 2018.

(3) An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[1] Neither January 31, 2018 order is final. Both orders contemplate additional proceedings in the Court of Chancery. The Court of Chancery docket also reflects that the parties continue to litigate their disputes. We therefore treat both of Pirestani's appeals as interlocutory.

---

[1] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

(4)    Applications for interlocutory review are addressed to the sound discretion of the Court.[2]  In the exercise of our discretion, we have concluded that the applications for interlocutory review do not meet the strict standards for certification under Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeals are REFUSED.

BY THE COURT:


*/s/ Karen L. Valihura*
Justice

---

[2] Supr. Ct. R. 42(d)(v).