IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHAUN REILLY, | § | |
| | § | |
| Defendant Below, | § | No. 175, 2018 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. N17C-09-001 |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: April 25, 2018
Decided: April 26, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 26th day of April 2018, having considered the notice to show cause and the appellant's response, it appears to the Court that:

(1) On April 5, 2018, the appellant, Shaun Reilly, filed a notice of appeal from a Superior Court order, dated March 9, 2018, denying his motion for appointment of counsel in an asset forfeiture case. The Senior Court Clerk issued a notice directing Reilly to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 in filing an appeal from an

interlocutory order. In his untimely response to the notice to show cause,[1] Reilly address the merits of his motion for appointment of counsel. He does not address his failure to comply with Rule 42.

(2) The denial of a motion for appointment of counsel is an interlocutory order for which appellate review is available only upon compliance with Supreme Court Rule 42.[2] Absent compliance with Supreme Court Rule 42, this Court is limited to the review of a trial court's final judgment.[3] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in the case.[4] The Superior Court proceedings are ongoing. Reilly's failure to comply with Rule 42 requires the dismissal of this appeal.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[1] A party must respond to the notice to show cause within ten days after receipt of the notice. Supr. Ct. R. 29(b). Reilly received the notice to show cause before April 12, 2018, but did not file his response until April 25, 2018, making his appeal subject to dismissal. Supr. Ct. R. 3(b)(2).

[2] *Abdul-Akbar v. Wynn/D.C.S.E.*, 1989 WL 27731, at *1 (Del. Feb. 10, 1989).

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[4] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).