IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEVIN ANDERSON and SUSAN FITZGERALD, | § § § | No. 444, 2020 |
| Plaintiffs Below, Appellants, | § § § | Court Below: Court of Chancery of the State of Delaware |
| v. | § § § | C.A. No. 2018-0602-SG |
| STEVEN LEER, JENNIFER SCANLON, JOSE ARMARIO, WILLIAM H. HERNANDEZ, RICHARD P. LAVIN, BRIAN A. KENNEY, GRETCHEN R. HAGGERTY, MATTHEW CARTER, JR., and THOMAS A. BURKE, | § § § § § § § § § § | |
| Defendants Below, Appellees. | § | |

Submitted: February 5, 2021
Decided: February 16, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **O R D E R**

After consideration of the notice to show cause and the appellants' response, it appears to the Court that:

(1)    The appellants filed this appeal from decisions of the Court of Chancery dated August 31, 2020, which granted a motion to dismiss brought by the appellees (the "Motion to Dismiss Opinion"), and December 1, 2020, which denied the appellants' motion for reargument.  The Motion to Dismiss Opinion instructed the

parties to submit a form of order consistent with the decision, but no such order has yet been entered. On December 11, 2020, the appellants filed in the Court of Chancery a motion for leave to file a second amended complaint. That motion remains pending.

(2) On January 26, 2021, the Senior Court Clerk issued a notice to the appellants to show cause why the appeal should not be dismissed for the appellants' failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order. In their response, the appellants state that they filed the appeal out of an abundance of caution because, in the opposition to the motion for leave to file a second amended complaint, the appellees suggested that the Motion to Dismiss Opinion might be a final, appealable order and the appellants wanted to ensure that they preserved their opportunity to appeal. In response to the notice to show cause, the appellants also state that the parties have conferred and now agree that the Court of Chancery has not yet entered a final, appealable order.

(3) Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[1] An order is deemed final and appealable if the trial court has declared its intention that the order be the

---

[1] *Hines v. Williams*, 2018 WL 2435551 (Del. May 29, 2018); *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

2

court's final act in disposing of all justiciable matters within its jurisdiction.[2]  At least one motion remains pending before the Court of Chancery, and the parties agree that the Court of Chancery has not entered a final order.  The appeal therefore must be dismissed.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED without prejudice.  Any docketing fee paid to this Court by the appellants in conjunction with this appeal may be applied to a future appeal filed by the appellants from the Court of Chancery's final order.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).