# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT A. MAGINN, JR., | § | |
| | § | No. 476, 2022 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| EDWARD DEANE, GEORGE | § | |
| WIHBEY, and JASON | § | C.A. No. 2017-0346 |
| CUNNINGHAM IN HIS | § | |
| CAPACITY AS ATTORNEY-| § | |
| IN-FACT FOR WILLIAM | § | |
| CUNNINGHAM, for themselves | § | |
| and in the right and for the benefit | § | |
| of New Media Investors II-B, | § | |
| LLC, and New Media II-B, LLC, | § | |
| | § | |
| Plaintiffs Below, | § | |
| Appellees. | § | |

Submitted: January 17, 2023
Decided: January 27, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On December 22, 2022, the appellant, Robert A. Maginn, Jr., filed a notice of appeal from the Court of Chancery's November 1, 2022 post-trial

memorandum opinion and order.[1] Because the opinion and order noted that "[f]urther proceedings are necessary to determine the method by which such members [of the nominal-defendant] will be identified and their recovery will be distributed,"[2] the Senior Court Clerk issued a notice to Maginn to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2) In his response to the notice to show cause, Maginn acknowledges that he filed the notice of appeal as a precautionary measure. At the request of the Court, the appellees also responded to the notice to show cause. The appellees contend that the appeal is premature and should be dismissed. We agree.

(3) Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of a trial court's final judgment.[3] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[4] The Court of Chancery docket reflects that the parties have briefed their respective positions on a proposed course of action for distribution and a hearing is scheduled in the Court of Chancery for February 15, 2023. In light of the foregoing, it is clear that the Court

---

[1] *Deane v. Maginn*, 2022 WL 16557974 (Del. Ch. Nov. 1, 2022), *reargument denied*, 2022 WL 17216333 (Del. Ch. Nov. 23, 2022).
[2] *Id.* at *31.
[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[4] *J. I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

2

of Chancery's November 1, 2022 opinion and order was not intended to be the court's final act in this case. Maginn was therefore required to comply with the provisions of Rule 42 or await the Court of Chancery's entry of a final order. Maginn's filing fee for any future appeal from the Court of Chancery's final judgment will be waived.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

3