IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RICHARD BLANCH, VIVIANNA BLANCH, RED BRIDGE & STONE, LLC and CLOVIS HOLDINGS LLC, | § § § § | No. 78, 2023 |
| Defendants, Nominal Defendant, Counterclaim and Third-Party Plaintiffs-Below, Appellants, | § § § § § § | Court Below—Court of Chancery of the State of Delaware<br><br>C.A. No. 2018-0394 |
| v. | § § § | |
| STONE & PAPER INVESTORS, LLC, and CLOVIS HOLDINGS LLC, | § § § | |
| Plaintiffs and Counterclaim Defendants-Below, Appellees, | § § § § § | |
| and | § § | |
| JAD TRADING LLC, DIAMOND CARTER TRADING, LLC, JOHN DIAMOND, KANOKPAN KHUMPOO, ALBERT CARTER, ELIZABETH CARTER, EISENBERG & BLAU CPAS, P.C., RICHARD EISENBERG, and DD & COMPANY, LLP | § § § § § § § § | |
| Counterclaim and Third Party Defendants-Below, Appellees. | § § § § | |

Submitted: March 24, 2023
Decided: April 6, 2023

Before **SEITZ**, Chief Justice; **VALHURA** and **TRAYNOR**, Justices.

# ORDER

Upon consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On March 2, 2023, Defendants, Nominal Defendant, Counterclaim and Third-Party Plaintiffs-Below/Appellants Richard Blanch, Vivianna Blanch, Red Bridge & Stone LLC and Clovis Holdings LLC (collectively, "Appellants") filed a notice of appeal from multiple opinions and orders of the Court of Chancery in a breach-of-fiduciary-duty action. The last order appealed was a February 1, 2023 order denying motions for reargument and for leave to file a reply brief. In a letter dated February 9, 2023, the Appellants asked the Court of Chancery to clarify whether the February 1, 2023 order was a final judgment in light of outstanding applications for attorneys' fees. The Senior Court Clerk issued a notice directing the Appellants to show cause why this appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2) In their response to the notice to show cause, the Appellants contend that language in the February 1, 2023 order suggests it is a final order even though competing applications for attorneys' fees remain outstanding. Plaintiff and Counterclaim Defendant-Below/Appellee Stone & Paper Investors, LLC and Counterclaim and Third-Party Defendants-Below/Appellees JAD Trading LLC,

Diamond Carter Trading, LLC, John Diamond, Kanokpan Khumpoo, Albert Carter, Elizabeth Carter, Eisdenber & Blau CPAS, P.C., Richard Eisenberg, and DD & Company, LLP argue that this appeal is interlocutory because fee applications are still pending in the Court of Chancery.

(3)     Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1]  An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2]  This Court has repeatedly held that an order is not final and appealable if the trial has not ruled on an outstanding application for attorneys' fees.[3]  The parties agree that attorneys' fee applications remain pending in the Court of Chancery.  This appeal must therefore be dismissed as interlocutory.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[3] *See, e.g., ICATECH Corp. v. Facchina*, 2021 WL 225825, at *1 (Del. Jan. 22, 2021) (dismissing appeal as interlocutory where applications for attorneys' fees were pending in the trial court).