IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TAMMY YOST, | § | |
| | § | No. 171, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court of |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. K22J-00403 |
| CHRISTINE WEBER and MICHAEL | § | |
| WEBER, | § | |
| | § | |
| Plaintiffs Below, Appellees. | § | |

Submitted:  June 2, 2023
Decided:    June 7, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)    The appellant, Tammy Yost, filed this appeal from a Superior Court order dated May 1, 2023.  For the reasons stated below, we conclude that the appeal must be dismissed as interlocutory.

(2)    In February 2020, the Superior Court in New Castle County entered a default judgment in a tort matter in favor of the appellees, Christine and Michael Weber, and against Mary Brown, Gregory Scott, and another party.[1]  Following an

---

[1] *Weber v. Yost*, C.A. No. N19C-10-034, Docket Entry No. 9 (Del. Super. Ct. Feb. 21, 2020).  We cite the docket of Civil Action No. N19C-10-034 as the "*New Castle County Docket*."

inquisition hearing on damages at which Scott appeared but Brown did not, a Commissioner in New Castle County entered judgment on March 11, 2022, in favor of the Webers and against Brown and Scott for a total of more than $400,000.[2]

(3)     The Webers then filed a writ of *testatum fi fa* to transfer the judgment to the Superior Court in Kent County so that they could pursue a sheriff's sale of Brown's real property located in Harrington, Delaware.[3]  Brown died on August 4, 2022.  The sheriff's sale was scheduled for November 22, 2022.[4]  On November 16, 2022, Scott filed a motion to stay the sheriff's sale, asserting that he was never served in the New Castle County action.  The Superior Court in Kent County held a hearing on the motion on November 18, 2022.  At the hearing, the Webers' counsel stated that the sheriff's sale had been stayed a few days before, at his request, because counsel had determined that it would be proper to substitute Yost, the administratrix of Brown's estate, for Brown as a party before proceeding with the sale.  The court therefore denied Scott's motion as moot.[5]  The court also stated that it was not inclined to consider a collateral attack on the judgment entered by the Superior Court

---

[2] *New Castle County Docket*, No. 18 (Del. Super. Ct. Mar. 11, 2022).
[3] *New Castle County Docket*, No. 21 (filed Apr. 12, 2022); *Weber v. Brown*, C.A. No. K22J-00403 (Del. Super. Ct.), Docket Entry No. 1 (filed Apr. 26, 2022).  We cite the docket of Civil Action No. K22J-00403 as the "*Kent County Docket*."
[4] *Kent County Docket*, No. 13 (filed Nov. 1, 2022).
[5] *Kent County Docket*, No. 16 (Del. Super. Ct. Nov. 18, 2022); *see also id.*, No. 17, Transcript of Nov. 18, 2022 hearing (filed Nov. 27, 2022) [hereinafter, *November 2022 Transcript*].

2

in New Castle County and that if Scott wanted to reopen the judgment, he should seek relief from the Superior Court in New Castle County.[6]

(4) Yost, as administratrix for Brown's estate, and Scott then moved the Superior Court in New Castle County to vacate the default judgment, asserting insufficient service of process. At a hearing on the motion on February 3, 2023, a Commissioner in New Castle County granted the motion and vacated the judgment as to Scott. The Commissioner denied the motion as to Brown and her estate, ordering that the Webers "may continue to execute on the default judgment against Mary Brown and her estate."[7] The Webers moved the Superior Court in Kent County to allow them to proceed with the execution against the Harrington property. Yost opposed the motion, again asserting that Brown had not been properly served in the New Castle County case.

(5) Following a hearing on March 2, 2023, a Commissioner in Kent County entered an order holding that, upon the Webers' filing of an appropriate writ, the Kent County Sheriff would be permitted to sell the Harrington property.[8] Yost sought reconsideration of the Commissioner's order by a Superior Court judge.[9] On

---

[6] *November 2022 Transcript*, *supra* note 5, at 8:3-8:15, 9:11-10:4, 10:20-11:17, 12:17-12:20.
[7] *New Castle County Docket*, No. 30 (Del. Super. Ct. Feb. 3, 2023).
[8] *Kent County Docket*, No. 32 (Del. Super. Ct. Mar. 3, 2023).
[9] *See* DEL. SUPER. CT. R. CIV. PROC. 132(a)(3)(ii) (authorizing any party to seek "reconsideration" of a Commissioner's order by a Superior Court judge by serving and filing written objections within ten days).

3

May 1, 2023, the Superior Court denied the motion.[10] The court held that the doctrine of issue preclusion supported the Commissioner's decision to allow the sale of the property to proceed, because the Superior Court in New Castle County had already rejected Yost's challenges to the judgment against Brown.[11] The court also held that a court "has no power to invalidate the judgment of another jurisdiction or venue upon transfer of that judgment" and that the court in Kent County had already "exercise[d] its limited equitable authority to stay execution to permit an aggrieved party to return to the issuing jurisdiction or venue to challenge" the judgment by considering Scott's motion to say the sale in November 2022 and effectively allowing Yost and Scott to seek to reopen the judgment in New Castle County.[12] The court therefore ordered that the sale could proceed as scheduled.[13]

(6) Yost filed a notice of appeal from the Superior Court's May 1, 2023 order. The Senior Court Clerk of this Court issued a notice to Yost to show cause why the appeal should not be dismissed for Yost's failure to comply with Supreme Court Rule 42 when appealing an apparent interlocutory order. Scott, who is neither a party to this appeal nor a Delaware lawyer, filed a response "for Tammy Yost,"[14]

---

[10] *Weber v. Brown*, 2023 WL 3186750 (Del. Super. Ct. May 1, 2023).
[11] *Id.* at *3.
[12] *Id.*
[13] *Id.*
[14] The time for responding to the notice to show cause has elapsed, and the Court has received no other response from Yost. The Court could therefore dismiss this appeal under Supreme Court Rule 29(b). Nevertheless, we have considered the contents of the response and determined that the appeal must be dismissed for the reasons discussed in this order.

4

in which he asks the Court to hear the case because (i) Brown was on life support when Scott and Yost became aware of the original action in New Castle County, and Scott and Yost did not know how to respond to the litigation; (ii) the court awarded an "unethical" amount of damages; and (iii) Scott and Yost did not know that, in order to pursue their challenges to the underlying judgment, they should have filed an appeal from the February 3, 2023 order denying the motion to reopen the judgment against Brown.

(7) After careful consideration, the Court has concluded that this appeal must be dismissed as interlocutory. Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[15] An order is deemed final and appealable when the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[16] The Superior Court's order denied Yost's effort to stay or prevent the Kent County sheriff's sale in execution of the New Castle County judgment. The Superior Court docket reflects that the sheriff's sale was scheduled for May 25, 2023, and that the Superior Court has not yet confirmed the sale.[17]

---

[15] *Eid v. U.S. Bank Trust Nat'l Ass'n*, 2021 WL 2577116, at *1 (Del. Super. Ct. June 22, 2021).

[16] *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[17] *See* DEL. SUPER. CT. R. CIV. PROC. 69(d) (providing that return of sheriff's sales of real estate "shall be made on the third Monday of the month succeeding the date of the sale," that "applications to set aside such sales shall be made on or before the first Thursday succeeding said return date," and that "all such sales not objected to on or before the first Thursday, shall on the first Friday, be confirmed as a matter of course").

Consequently, the May 1, 2023 order that is the subject of this appeal is an interlocutory order.[18] Yost's failure to comply with Rule 42 leaves the Court without jurisdiction to hear this appeal, and the appeal must be dismissed.[19]

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[18] *See Eid*, 2021 WL 2577116, at *1 (dismissing as interlocutory an appeal from an order denying a motion to stay a sheriff's sale of real property because the sale had not yet occurred and the Superior Court had not yet confirmed the sale).
[19] *Id.*