IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SARN SD3 LLC, | § | |
| | § | No. 184, 2023 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N17C-12-185 |
| CZECHOSLOVAK GROUP | § | |
| A.S., | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: June 20, 2023
Decided: July 3, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

After consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1) On May 26, 2023, the appellant, SARN SD3 LLC ("SARN"), filed a notice of appeal from the Superior Court's April 27, 2023 decision denying its motion to amend the Superior Court's December 23, 2020 decision on SARN's motion for partial summary judgment. Because the court's order did not appear to be a final order, the Senior Court Clerk issued a notice to SARN to show cause why

this appeal should not be dismissed for its failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2) SARN has responded to the notice to show cause and notes that it filed this appeal before the Superior Court entered a final judgment as a precaution to preserve its right to appeal. At the Court's direction, the appellee, Czechoslovak Group A.S. ("CGA"), also responded to the notice to show cause. CGA avers that the Superior Court's order is interlocutory and observes that the parties have submitted competing forms of final judgment and order, which the Superior Court has taken under advisement. CGA argues that this appeal must be dismissed as an impermissible interlocutory appeal. We agree.

(3) Absent compliance with Rule 42, the appellate jurisdiction of this Court is limited to the review of a trial court's final judgment.[1] An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2] It is clear from the Superior Court docket—which reflects that the Superior Court has not yet acted on the parties' competing forms of final judgment and order—that the Superior Court's April 27, 2023 decision did not dispose of all justiciable matters in this case.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *J. I. Kislak Mortg. Corp. v. Williams Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

SARN was therefore required to comply with the provisions of Rule 42 or await the Superior Court's entry of a final order.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal be DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice