IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PATRICK BEEBE and TAMMY BEEBE, | § | |
| | § | |
| Defendants Below, | § | No. 467, 2023 |
| Appellants, | § | |
| | § | Court Below—Court of Chancery |
| v. | § | of the State of Delaware |
| | § | |
| RBY&CC EAST SIDE HOMEOWNERS | § | C.A. No. 2022-0433 |
| ASSOCIATION, INC., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 19, 2023
Decided: January 4, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the notice to show cause and the appellants' response, it appears to the Court that:

(1) On November 20, 2023, the Court of Chancery issued a letter opinion overruling the exceptions of the defendants below-appellants Patrick Beebe and Tammy Beebe ("the Homeowners") to the Magistrate's final post-trial report. The court concluded, among other things, that the plaintiff below-appellee RBY&CC East Side Homeowners Association, Inc. ("the Association") was entitled to attorneys' fees and costs under 10 *Del. C.* § 348(e). The Court of Chancery directed the parties to submit a form of order implementing the decision. On December 11,

2023, the Association filed its affidavit for attorneys' fees and costs. No form of implementing order has been filed or granted in the Court of Chancery.

(2) On December 18, 2023, the Homeowners filed in this Court a notice of appeal from the Court of Chancery's November 20, 2023 letter opinion. The Senior Court Clerk issued a notice directing the Homeowners to show cause why this appeal should not be dismissed for their failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order. In the response to the notice to show cause, the Homeowners' counsel states that he filed the notice of appeal "as a precautionary measure in the event either the Court of Chancery or the Delaware Supreme Court declared the Chancellor's letter opinion of November 20, 2023 to be a final order" and that he did not intend to file an interlocutory appeal.[1]

(3) Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[2] An order is final and appealable when the trial court has clearly declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[3] Under well-settled caselaw, the Court of Chancery's November 20, 2023 letter opinion is not a final judgment because the letter opinion directed the parties to submit an implementing order and

---

[1] December 19, 2023 Letter at 1.
[2] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[3] *J.I. Kislak Mortgage Corp. of Delaware v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

the amount of attorneys' fees has not been determined.[4]  This appeal therefore is interlocutory and must be dismissed in the absence of compliance with Rule 42.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[4] *See, e.g., Wollner v. PearPop, Inc.*, 2022 WL 2903103, at *1 (Del. July 21, 2022) (dismissing appeal as interlocutory where the appealed decision directed the prevailing party to prepare a form of final order); *Fitzgerald v. Leer*, 2021 WL 568494, at *1 (Del. Feb. 16, 2021) (dismissing appeal as interlocutory where the appealed decision directed the parties to submit a form of order consistent with the decision);  *Delaware Bay Surgical Servs., P.A. v. Swier*, 2005 WL 541016, at *1 (Del. Feb. 5, 2005) (dismissing appeal as interlocutory where the amount of attorneys' fees had not been determined); *Gordon v. Gordon*, 1998 WL 664975, at *1 (Del. July 20, 1998) (same).