IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| AMETEK, INC., | § |
| | § No. 462, 2023 |
| Defendant Below, | § |
| Appellant, | § Court Below: Superior Court |
| | § of the State of Delaware |
| v. | § |
| | § C.A. No. N22C-08-489 |
| NSI-MI HOLDINGS, LLC, | § |
| | § |
| Plaintiff Below, | § |
| Appellee. | § |

Submitted: March 15, 2024
Decided: March 25, 2024

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1)    The appellant, AMETEK, Inc., acquired the membership interests in the appellee, NSI-MI Holdings, LLC.[1]  In connection with the purchase, NSI-MI agreed to indemnify AMETEK for certain losses and set aside $23 million as an escrow fund for losses claimed by AMETEK within fifteen months of closing.

---

[1] Our brief description of the facts in this order is intended to provide the general context necessary to understand the decision regarding the interlocutory nature of this appeal; it is not intended to establish any legal or factual conclusions as to the merits of the parties' dispute.

Within five business days following the end of the fifteen-month period, the escrow funds were to be released, minus any outstanding claims.

(2)     Shortly before the end of the fifteen-month period, AMETEK submitted a notice of claim for indemnity. A dispute arose concerning the validity of the claim, and NSI-MI filed a four-count complaint in the Superior Court. Counts I and II sought declaratory judgment to the effect that (i) AMETEK's notice of claim failed to state a loss or claim that was covered under the parties' agreements and (ii) the remaining escrow funds therefore should be released to NSI-MI. Count III sought damages for breach of contract, and Count IV sought attorneys' fees and costs.

(3)     In an opinion and order dated November 13, 2023, the Superior Court granted NSI-MI's motion for summary judgment as to Counts I and II, concluding that AMETEK's notice of claim did not state a valid claim for indemnification under the purchase agreement and that NSI-MI was entitled to a declaratory judgment releasing the withheld escrow funds under the escrow agreement.[2] The court denied summary judgment as to Counts III and IV, to the extent NSI-MI sought such relief.[3]

---

[2] *NSI-MI Holdings, LLC v. AMETEK, Inc.*, 2023 WL 7482590, at *7, 8 (Del. Super. Ct. Nov. 13, 2023).

[3] *Id.* at *9.

2

(4) On December 12, 2023, AMETEK filed this appeal from the Superior Court's November 13, 2023 decision. Court staff issued a briefing schedule; AMETEK's opening brief was due January 26, 2024.

(5) On January 18, 2024, NSI-MI moved in the Superior Court to dismiss its remaining claims—Counts III and IV—and for entry of final judgment on Counts I and II. AMETEK filed a letter indicating that it did not oppose the motion. On January 31, 2024, the Superior Court entered an order dismissing Counts III and IV and entering final judgment on Counts I and II for the reasons set forth in the court's November 13, 2023 decision.

(6) AMETEK filed its opening brief in this appeal on January 26, 2024. Then, on February 29, it filed Appeal No. 91, 2024, from the Superior Court's January 31 order and final judgment. By that time, the Superior Court's judgment was final, but briefing was proceeding in this appeal, with the answering brief deadline looming. In an effort to resolve the procedural glitch efficiently and fairly, this Court directed the parties to inform the Court by noon on March 4, 2024, if they objected to consolidation of the two appeals and continuation of the brief as scheduled in this appeal. If no objections were received by the deadline, the appeals would be consolidated and briefing would continue as scheduled in this appeal. NSI-MI objected to consolidation, arguing that this appeal was a procedurally improper interlocutory appeal. The Court then issued a notice to show cause why this appeal

3

should not be dismissed for failure to comply with Rule 42 when taking an appeal from an apparent interlocutory appeal and withdrew the reply-brief deadline pending resolution of the notice to show cause.

(7)     In response to the notice to show cause, AMETEK states that, because the Superior Court's November 13, 2023 decision was described as a "final judgment," it filed this appeal "to preserve its appellate rights in the event that this Court deemed [the November 13 decision] to have had the effect of a final judgment or of certifying an issue for appeal pursuant to Superior Court Civil Rule 54(b)." AMETEK states that its goal is to appeal the Superior Court's decision granting summary judgment on Counts I and II and takes no position as to whether this appeal should be dismissed in favor of No. 91, 2024, or consolidated with that appeal, "so long as AMETEK may exercise its right to appeal the issue of whether the trial court appropriately granted summary judgment on Counts I and II."

(8)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[4] "[A]n order of the Superior Court is final only if it constitutes the court's 'final act' in a case."[5] When a civil action involves multiple claims, a judgment regarding any claim does not become final until the entry of the last judgment that resolves all claims unless the

---

[4] *Yost v. Weber*, 2023 WL 3883249, at *2 (Del. June 7, 2023).
[5] *Williams v. Mitchell*, 2006 WL 2535098, at *1 (Del. Aug. 29, 2006) (quoting *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973)).

4

interlocutory ruling is certified as final under Superior Court Civil Rule 54(b).[6] In this case, because two of the counts asserted in the complaint—one asserting breach of contract and one seeking attorneys' fees—remained unresolved following the Superior Court's November 13, 2023 order, this appeal was interlocutory when filed.[7] In the absence of compliance with Rule 42, the appeal is therefore subject to dismissal. AMETEK may assert its claims of error as to the Superior Court's November 13, 2023 ruling in Appeal No. 91, 2024.

NOW, THEREFORE, IT IS ORDERED that this appeal is hereby DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *Id.* (citing *Harrison v. Ramunno*, 730 A.2d 653, 654 (Del. 1999)).

[7] Regrettably, non-attorney court staff did not identify the issue when the appeal was filed, nor did either party's counsel bring the issue to the Court's attention before the second appeal was filed. As noted above, NSI-MI rejected consolidation, which it seems would have been an efficient resolution.