IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| CENTERPOINT PROPERTIES TRUST, | § |
| | § No. 353, 2024 |
| | § |
| Defendant Below, Appellant, | § Court Below: Superior Court |
| | § of the State of Delaware |
| | § |
| v. | § C.A. No. N19C-10-054 CCLD |
| | § |
| ZENITH ENERGY TERMINALS JOLIET HOLDINGS LLC and JOLIET BULK, BARGE & RAIL LLC, | § |
| | § |
| | § |
| | § |
| | § |
| Plaintiffs Below, Appellees. | § |
| | § |

Submitted: September 9, 2024
Decided: October 1, 2024

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## **ORDER**

After consideration of the notice of appeal, the notice to show cause, the response, and the notice of cross-appeal, it appears to the Court that:

(1) In a post-trial decision dated July 29, 2024, the Superior Court determined that appellant CenterPoint Properties Trust breached certain contracts and is liable to the appellees (collectively, "Zenith") for at least $3,091,157.64 in damages, "with the right of Zenith to submit additional evidence on its

indemnification claims."[1]  The court explained that "[a]t this point, the indemnification damages cannot be quantified," because they arise from Zenith's right to be indemnified for losses in connection with ongoing litigation in Illinois.[2]

(2)    CenterPoint filed a notice of appeal in this Court, indicating that it "takes this appeal out of caution in order to preserve its appellate rights in the event the Decision After Trial constitutes a final and appealable judgment."  The Senior Court Clerk issued a notice directing CenterPoint to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.  In response to the notice to show cause, CenterPoint reiterates the precautionary nature of the appeal, stating that it did not intend to seek interlocutory review and that it filed the appeal "in caution, to ensure that its right to appellate review is not waived in the event the Decision After Trial is determined to be [] final and appealable."

(3)    On September 9, 2024, Zenith filed a notice of cross-appeal.  In the notice, Zenith states that its cross-appeal is likewise "precautionary" and asserts that the Superior Court's July 29 decision is not a final, appealable judgment.  Zenith indicates that it does not oppose dismissal of the cross-appeal if the Court dismisses CenterPoint's appeal.

---

[1] *Zenith Energy Terminals Joliet Holdings LLC v. CenterPoint Props. Trust*, 2024 WL 3570165, at *18 (Del. Super. Ct. July 29, 2024).
[2] *Id.* at *17.

(4)     Absent compliance with Supreme Court Rule 42, the appellate jurisdiction of this Court is limited to the review of final orders.[3]  An order is final and ripe for appeal when the trial court has clearly declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[4]  "An order of the Superior Court which determines liability but does not fix the amount of damages is not a final judgment and is thus not appealable," except in a procedurally proper interlocutory appeal under Rule 42.[5]

(5)     Because the Superior Court's July 29 decision contemplates further proceedings before the full amount of a judgment can be finally determined, the decision is interlocutory.  Accordingly, the appeal and the cross-appeal must be dismissed.

---

[3] *Salzberg v. Sciabacucchi*, 2019 WL 549039, at *1 (Del. Feb. 12, 2019).

[4] *Wollner v. PearPop, Inc.*, 2022 WL 2903103, at *1 (Del. July 21, 2022); *Gaffin v. Teledyne, Inc.*, 1991 WL 181488, at *1 (Del. Aug. 23, 1991).

[5] *Am. Reliance Ins. Co. v. Meyer*, 1991 WL 165561, at *1 (Del. July 26, 1991); *see also J.I. Kislak Mortg. Corp. of Del. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 649 (Del. 1973) (concluding that Superior Court opinion stating that summary judgment "'will be entered' in favor of the appellee" and ending with "it is so ordered" was not a final, appealable order because "the precise amount actually due had not been determined" and the order at issue directed the appellee's counsel to compute the amount, prepare a special order, and obtain the approval of the appellant's counsel).

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b) and (c), that the appeal and the cross-appeal are DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice