IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PHILLIP BREWER, | § | |
| | § | |
| Petitioner Below, | § | No. 460, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | C.A. No. S25C-07-007 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: November 17, 2025
Decided: December 12, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## ORDER

Upon consideration of the notice to show cause and the response, it appears to the Court that:

(1) Phillip Brewer filed this appeal from the Superior Court's denial of his motion for default judgment in an action he filed under the Wrongful Conviction Compensation and Services Act, 10 *Del. C.* § 7001 *et seq.* The Senior Court Clerk issued a notice directing Brewer to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an interlocutory order. In his response to the notice to show cause, Brewer argues that the Superior Court should not have denied his motion for default

judgment. He does not, however, address his failure to comply with the requirements of Rule 42 for appealing an interlocutory order.

(2) Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1] An order is final and appealable when the trial court has clearly declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2] The denial of the motion for default judgment is not the Superior Court's final act in this matter. Brewer was therefore required to comply with the requirements of Rule 42 and has not done so. Given Brewer's failure to comply with Rule 42, this interlocutory appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).
[2] *J.I. Kislak Mortgage Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

2