IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERALD HAMMANN, | § § | |
| Plaintiff Below, Appellant, | § § § | No. 410, 2023 |
| v. | § § § | Court Below—Court of Chancery of the State of Delaware |
| DENNIS J. CARLO, RICHARD C. WILLIAMS, HOWARD C. BIRNDORF, ROSHAWN A. BLUNT, and DAVID J. MARGUGLIO, | § § § § § | C.A. No. 2021-0506 |
| Defendants Below, Appellees. | § § § § | |

Submitted: November 17, 2023
Decided: December 11, 2023

Before **VALIHURA**, **TRAYNOR**, and **LEGROW**, Justices.

## ORDER

Upon consideration of the motion to determine whether the appellant's notice of appeal is operative or precautionary and the appellees' response, it appears to the Court that:

(1)	The appellant, Jerald Hammann, filed this appeal from multiple orders and opinions of the Court of Chancery, including a post-trial opinion. The last order appealed was a November 3, 2023 order granting in part and denying in part Hammann's motion for reargument.

(2)     On November 14, 2023, Hammann filed a motion to determine whether his appeal was operative or precautionary.  Hammann admitted that several motions remained outstanding in the Court of Chancery, including his motions for sanctions and the appellees' motion to enforce the court's March 24, 2023 order.  In response to the motion, the appellees asserted that this appeal is premature and should be dismissed because motions remain outstanding in the Court of Chancery.

(3)     Absent compliance with Rule 42, this Court is limited to the review of a trial court's final judgment.[1]  An order is deemed final and appealable if the trial court has declared its intention that the order be the court's final act in disposing of all justiciable matters within its jurisdiction.[2]  In its post-trial opinion, the Court of Chancery stated that the motions for sanctions and the motion to enforce the March 24, 2023 order would "be addressed in a separate decision."[3]  The parties agree that those motions remain pending in the Court of Chancery.  This appeal must therefore be dismissed as interlocutory.

---

[1] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

[2] *J.I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

[3] *Hammann v. Adamis Pharms. Corp.*, 2023 WL 5424109, at *7 (Del. Ch. Aug. 23, 2023).

NOW, THEREFORE, IT IS ORDERED, that this appeal is DISMISSED. The filing fee paid by Hammann shall apply to any future appeal that he files from a final order entered in this case.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice