IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BRYAN WINDER, | § | |
| | § | No. 510, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. S20C-03-039 |
| SHEQUITA TRUITT, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: January 12, 2026
Decided:   January 23, 2026

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

Ater consideration of the notice to show cause and the parties' responses, it appears to the Court that:

(1)    On December 4, 2025, the Superior Court granted in part and denied in part the motion for judgment as a matter of law or, in the alternative, for a new trial filed by the defendant-below/appellant, Bryan Winder.  On December 6, 2025, the Superior Court issued two separate orders: one awarding the plaintiff-below/appellee, Shequita Truitt, court costs; and one awarding Truitt pre- and post-judgment interest.  Both orders directed the parties to prepare an order for the court's signature.  On December 17, 2025, Winder filed a notice of appeal from the Superior Court's December 4 order.  Because the court's December 4 order did not appear to

be a final order, the Chief Deputy Clerk issued a notice to Winder to show cause why this appeal should not be dismissed for his failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.

(2) In his response to the notice to show cause, Winder acknowledges that "a final order regarding interest and costs has not been entered" and does not object to the characterization of this appeal as interlocutory.[1] At the Court's direction, Truitt also responded to the notice to show cause and argues that this appeal is interlocutory. Both parties acknowledge that there is an outstanding dispute as to whether pre-judgment interest should be awarded to Truitt and, if so, how it should be allocated among the defendants.

(3) Having carefully reviewed the parties' positions and the Superior Court record, the Court concludes that the appeal is interlocutory. The Superior Court's action on the dispute regarding the award of interest will require an exercise of judicial discretion in deciding whether to award pre-judgment interest to Truitt and, if so, how the award will be allocated among the defendants.

(4) A judgment is final for purposes of appeal when it disposes of all justiciable matters.[2] Here, the Superior Court's order resolving Winder's motion for judgment as a matter of law or, in the alternative, for a new trial was not a final

---

[1] Winder's Resp. to Notice to Show Cause, at 1.
[2] *J. I. Kislak Mortg. Corp. v. William Matthews, Builder, Inc.*, 303 A.2d 648, 650 (Del. 1973).

2

judgment. Absent compliance with Rule 42, this Court has no jurisdiction to consider an interlocutory appeal,[3] and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED that the appeal be DISMISSED under Supreme Court Rule 29(b) without prejudice as to any future appeal following the entry of a final judgment below.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[3] *Julian v. State*, 440 A.2d 990, 991 (Del. 1982).

3